UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DOLPHIN ASSOCIATES III, LLC and<br>DONALD T. NETTER,<br><br>Defendants. | CIVIL ACTION NO. 3:24-cv-02022-VDO |

**PLAINTIFF'S RESPONSE TO
DEFENDANT DOLPHIN ASSOCIATES MOTION TO EXTEND
SCHEDULING ORDER AND SCHEDULED 30(B)(6) DEPOSITION**

Plaintiff Securities and Exchange Commission partially assents and partially opposes Defendant Dolphin Associates III, LLC's ("Dolphin") Motion for Extension of the Scheduling Order and to Postpone Its Currently Scheduled 30(b)(6) Deposition (Dkt. No. 58). Because of the government shutdown caused by a lapse in appropriations, the withdrawal of Defendant Netter's personal counsel, and his desire (as expressed by Dolphin) to seek new counsel, the Commission would assent to a shorter extension than that sought by Dolphin. The Commission asks this Court to enter the revised case schedule attached.

The Commission proposes that the Dolphin Rule 30(b)(6) deposition currently scheduled for October 15, 2025, be postponed about one month, but not more absent continued lapses in the Commission's appropriations. As the Commission told counsel for Dolphin, the Commission is willing to do the deposition on any date in November, and asks this Court to order that Dolphin

produce a representative for deposition by November 30.[1]  The Commission has attempted to get a deposition date from Dolphin since July 30.  To accommodate counsel's schedule, the Commission agreed to wait until the latter half of September.  Then, when Defendants needed more time to answer interrogatories, the Commission agreed to push the deposition dates again, moving the Rule 30(b)(6) deposition to October 15.  Dolphin's counsel has told Commission counsel that his trial schedule would prevent a December deposition date.  So the Commission believes extending the deposition date one more month, but not more, is appropriate.[2]

Dolphin's motion suggests that Mr. Netter wants to obtain new counsel before the Rule 30(b)(6) deposition and asks for 45-60 days to do so.  But this Court has ordered Mr. Netter to either appear *pro se* or with successor counsel by November 11.  So Mr. Netter's search for new counsel should not postpone this deposition past November.

The Commission also opposes Dolphin's request to extend the discovery schedule by three months, but would agree to a six-week extension.  In this action, the Commission seeks to get Dolphin's investors the redemptions they requested long ago.  In fact, the Commission told Dolphin's counsel that it would be willing to agree to a longer extension of the discovery schedule if Dolphin would agree to make those redemptions sought in the complaint.  Dolphin refused.  The Commission thus opposes the extension because it is unfair to make those investors wait even longer.

Nor do Dolphin and Mr. Netter need another three months.  The Commission produced documents to Defendants on July 10, 2025, three months ago.  Dolphin's claim that it is just now in the process of engaging an e-discovery firm to begin its document review speaks only to the unwarranted delay by Defendants, not to good cause for an extension.  Dolphin notes that it

---

[1] Dolphin has said that Mr. Netter will be its Rule 30(b)(6) designee.
[2] This extension also benefits the Commission, which is in shutdown status due to a lapse in appropriations.

2

needs more time to collect and review documents to produce to the Commission. The Commission served document requests on Dolphin (and Mr. Netter) on July 2, and it has repeatedly reminded Defendants of their discovery obligations since then. Despite requests by the Commission, Defendants have failed to give even a schedule committing to when documents will be produced. Since July, Dolphin has produced only about 1100 pages of documents, all in amalgamated PDFs of scanned documents, without separating them into individual documents or providing metadata or original formats. Mr. Netter has produced none. Defendants' document production should have been completed long ago, and their failure to collect and produce those documents does not warrant another three-month delay. It does warrant, however, a provision in the revised scheduling order setting a deadline for Defendants to complete document production, so that the Commission can conduct depositions with as full a documentary record as possible. The Commission proposes that Defendants complete document production by November 7.

Finally, based on the pace of discovery thus far, the Commission's Proposed Order changes the timing of expert discovery, making the due dates closer to the close of discovery.

In summary, the Commission proposes the case schedule be amended to the dates below:

1. All fact and expert discovery shall be completed by **February 20, 2026**.

    a. Defendants shall complete their production of documents **not later than November 7, 2025.**

    b. Defendant Dolphin Associates shall appear for a Fed. R. Civ. P. 30(b)(6) deposition **not later than November 30, 2025.**

2. **Discovery related to expert witnesses.**

    a. Designation of trial experts and production of reports on any issues which that party bears the burden of proof by **January 7, 2026**. Depositions of such experts must be completed by **February 20, 2026**.

   b. Designation of trial experts and production of reports on any issues which that party does not bear the burden of proof by **February 6, 2026**.  Depositions of such experts must be completed by **February 20, 2026**.

3. **Dispositive Motions.**  First steps to initiate dispositive motion practice must be taken by **March 27, 2026.**

4. **Joint Status Report of the Parties.**  Due on **March 6, 2026.**

For the reasons set forth above, the Commission asks this Court to enter the Commission's Proposed Order

Dated: October 14, 2025

Respectfully submitted,

/s/ *Marc J. Jones*
Marc J. Jones
Mark S. Audet
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02110
(617) 573-8947 (Jones direct)
JonesMarc@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2025, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by email to all parties of record by operation of the Court's CM/ECF system, and, given Mr. Netter's lack of counsel, to Mr. Netter by email.

/s/ *Marc Jones*
Marc Jones